UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>           Plaintiff,<br><br>      v.<br><br>FAYE BENKLE,<br><br>           Defendant. | No. 2:20-cv-0880 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court are plaintiff's motion for a temporary restraining order ("TRO") and motion for the appointment of counsel. For the reasons set forth below, this court recommends plaintiff's motion for a TRO be denied and denies plaintiff's motion for the appointment of counsel.

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint filed here on June 1, 2020. Plaintiff alleges that defendant Benkle failed to provide plaintiff timely medical care despite knowing that plaintiff was actively suicidal and had injured himself. On September 16, defendant Benkle waived service of the complaint. On September 18, this court stayed these proceedings under the court's Alternative Dispute Resolution program.

1

On September 28, plaintiff moved for the appointment of counsel. (ECF No. 18.) In a document filed October 1, plaintiff seeks a temporary restraining order. He alleges that medical staff and correctional officers have encouraged other inmates to attack him in order to force plaintiff to drop this action. (ECF No. 19.) This court ordered defendant's counsel to contact plaintiff's place of confinement and file a response. (ECF No. 20.) Defendant's counsel has done so. (ECF No. 21.)

**TEMPORARY RESTRAINING ORDER**

**I.  Legal Standards**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 555 U.S. at 20). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

It is typically only appropriate to grant preliminary injunctive relief where the relief sought is "of the same character as that which may be granted finally" in the lawsuit. De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). However, in certain exceptional situations, the court may consider injunctive relief in order to permit the case to proceed. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant

to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). "A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).

**II. Analysis**

In his motion, plaintiff states that correctional officers and medical staff have pressured him to drop this lawsuit. In addition, he contends that correctional officers have encouraged other inmates to attack him and, as result, he has been attacked twice. (ECF No. 19.)

Defendant's counsel argues that a TRO should not be granted for the following reasons: (1) the court lacks jurisdiction to enjoin anyone besides defendant Benkle; (2) the subject matter of plaintiff's motion is not the same as the subject matter of his complaint; (3) the contentions in plaintiff's motion lack specificity; and (4) plaintiff fails to show he will suffer irreparable harm if injunctive relief is not granted at this time. (ECF No. 21.)

Defendant also argues that plaintiff's allegations are improbable. Defendant shows that at the time plaintiff filed his motion, he was housed in a portion of the prison where it is extremely unlikely he would have encountered another inmate without an officer present. In addition, defense counsel contacted the officers and medical staff that plaintiff identified in his complaint. Each stated that they had not witnessed any assaults on plaintiff and had not encouraged any inmate to assault plaintiff. (See ECF No. 21-1.)

Plaintiff's motion for preliminary injunctive relief should be denied. Plaintiff fails to show he is likely to suffer imminent and irreparable harm. He does not identify the inmates who he alleges have attacked him, when they have done so, or, specifically, at whose behest. Nor does plaintiff show any reason to believe he will be subject to any attacks in the future.

## MOTION FOR APPPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel. He argues that he is inexperienced in legal proceedings and that this case is complex. (ECF No. 18.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, this court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 18) is denied; and

2. The Clerk of the Court shall randomly assign a district judge to this case;

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 19) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified

////

////

////

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0880.tro fr

5